

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS. WR-20,597-12, WR-20,597-13, WR-20,597-14, WR-20,597-15, WR-20,597-16 AND WR-20,597-17**

**EX PARTE JOHN MICHAEL ENARD, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 1375416-A, 1439251-A, 1375416-B, 1439251-B, 1375416-C AND 1439251-C IN THE 178TH DISTRICT COURT FROM HARRIS COUNTY**

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of failure to comply with sex offender registration requirements and one charge of violation of civil commitment requirements, and was sentenced to two years' imprisonment in each case, to be served concurrently.

Applicant, represented by appointed habeas counsel, filed two applications (the -12 and -13) in the trial court on September 2, 2018. On September 4, 2018, Applicant filed *pro se* applications

(the -14 and -15) in the trial court raising additional grounds for review as to the same two convictions in the trial court. On, September 27, 2018, the trial court signed orders designating issues as to all four applications. On December 17, 2018, Applicant filed two more *pro se* applications challenging these convictions (the -16 and -17) in the trial court. On January 31, 2019, the trial court signed additional orders designating issues as to those applications.

On October 3, 2019, all six applications were received in this Court. The trial court has not obtained affidavits or entered findings of fact and conclusions of law as to any of the applications. On October 22, 2019, this Court received a motion filed by Applicant *pro se*, in which he asks this Court to dismiss his applications. However, it is unclear whether Applicant is aware that he is still represented by habeas counsel in these matters or whether he has consulted with counsel in making his request to withdraw or dismiss the applications. We remand all six of these applications to the 178th District Court of Harris County to allow the trial judge to first determine whether Applicant does indeed desire to withdraw all six applications, and if the trial court determines that Applicant does not want to withdraw all six applications, to allow the trial court to complete an evidentiary investigation and enter findings of fact and conclusions of law.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 6, 2019
Do not publish